UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ASHIA WATKINS,**

    **Plaintiff,**

**v.**                                                        **Case No: 8:24-cv-1993-MSS-AAS**

**CAPITAL ONE AUTO FINANCE,**

    **Defendant.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Capital One Auto Finance's Motion to Dismiss the Complaint, (Dkt. 10), and Plaintiff's response in opposition thereto. (Dkt. 15) Upon consideration of all relevant filings, case law, and being otherwise fully advised, Defendant's Motion to Dismiss the Complaint is **GRANTED**.

### I.    BACKGROUND

Plaintiff Ashia Watkins initiated this action against Defendant Capital One Auto Finance ("Capital One") on August 22, 2024. (Dkt. 1) In the Complaint, Plaintiff alleges:

> [Capital One] failed to provide full disclosure to all matters dealing with the retail installment contract, willfully committed fraud of inducement in the executing of the contract by using promissory note as an instrument to access funds, rather than its intended purpose.

(Id. at 4) Plaintiff makes no other allegations about the factual circumstances of her claims. Plaintiff alleges these facts show that Capital One violated 15 U.S.C. §§ 1601, 1611(1), and 1611(3). (Id. at 3)

Capital One moves to dismiss the Complaint. (Dkt. 10) Capital One argues Plaintiff fails to state claims for relief under the statutes cited.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff

can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give the court a license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Gibbs v. United States, 865 F. Supp. 2d 1127, 1133 (M.D. Fla. 2012), aff'd, 517 F. App'x 664 (11th Cir. 2013) (internal citations omitted).[1]

## III.  DISCUSSION

Capital One asserts Plaintiff fails to state plausible claims under 15 U.S.C. §§ 1601, 1611(1), and 1611(3). First, Capital One notes that § 1601 merely recites the purpose of the Truth In Lending Act. Thus, Capital One maintains that § 1601 does not prohibit any conduct or authorize a private right of action. Second, Capital One notes that §§ 1611(1) and (3) authorize the Federal Trade Commission to impose criminal liability on persons who willfully and knowingly violate the Truth In Lending Act. These provisions also do not create private rights of action for consumers.

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

The Court finds that Plaintiff fails to allege sufficient facts to state plausible claims for relief. The bare factual allegations in the Complaint do not provide enough detail to establish grounds for Plaintiff's entitlement to relief, and, importantly, the statutory provisions cited in the Complaint do not entitle Plaintiff to relief because they do not authorize private rights of action for consumers. The Complaint is due to be dismissed.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Defendant Capital One Auto Finance's Motion to Dismiss the Complaint, (Dkt. 10), is **GRANTED**.

2. Plaintiff is **DIRECTED** to file an amended complaint that sets forth in detail:

   a. The facts that Plaintiff believes show Capital One violated the law;

   b. The claims that arise from the alleged violations; and

   c. The damages Plaintiff allegedly sustained because of the alleged violations.

   d. If Plaintiff intends to plead a claim of fraud against Capital One, Plaintiff must describe the "who, what, when, where, and how" of the alleged fraud,[2] how Plaintiff relied upon the alleged fraud, and

---

[2] Omnipol, A.S. v. Multinat'l Def. Servs., LLC, 32 F.4th 1298, 1307 (11th Cir. 2022) (citing Fed. R. Civ. P. 9(b)).

the damages Plaintiff allegedly sustained because of the alleged fraud.

3. Plaintiff shall file her amended complaint within **twenty-one (21) days** of the date of this Order.

4. Plaintiff is referred to this Court's Guide for Proceeding Without a Lawyer: https://www.flmd.uscourts.gov/litigants-without-lawyers.

5. Defendant's Motion to Stay Discovery, (Dkt. 19), is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida this 15th day of November 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party