UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ASHIA WATKINS,**

    **Plaintiff,**

**v.**                                                          Case No: 8:24-cv-1993-MSS-AAS

**CAPITAL ONE AUTO FINANCE,**

    **Defendant.**

---

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Capital One Auto Finance's Motion to Dismiss the Amended Complaint, (Dkt. 23), Plaintiff's response in opposition thereto, (Dkt. 25), and Plaintiff's construed motion for leave to file a second amended complaint. (Dkt. 24) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** as follows.

### I.    BACKGROUND

Plaintiff Ashia Watkins initiated this action against Defendant Capital One Auto Finance ("Capital One") on August 22, 2024. (Dkt. 1) In the Complaint, Plaintiff alleged:

> [Capital One] failed to provide full disclosure to all matters dealing with the retail installment contract, willfully committed fraud of inducement in the executing of the contract by using promissory note as an instrument to access funds, rather than its intended purpose.

(Id. at 4) Plaintiff alleged these facts show that Capital One violated 15 U.S.C. §§ 1601, 1611(1), and 1611(3). (Id. at 3) She made no other allegations about the factual circumstances of her claims.

Capital One filed a motion to dismiss the Complaint for failure to state a claim, (Dkt. 10), which the Court granted. (Dkt. 21) The Court found that the "bare factual allegations in the Complaint do not provide enough detail to establish grounds for Plaintiff's entitlement to relief, and, importantly, the statutory provisions cited in the Complaint do not entitle Plaintiff to relief because they do not authorize private rights of action for consumers." (Id. at 4) The Court directed Plaintiff to file an amended complaint. (Id.)

On December 5, 2024, Plaintiff filed the Amended Complaint. (Dkt. 22) Therein, she alleges she signed a Retail Installment Sales Contract (the "Contract") for financing the purchase of a used 2019 Chevrolet Equinox from Venice Honda on May 7, 2022. (Dkt. 22-1 at ¶ 1) Plaintiff alleges, however, that Capital One "neglect[ed] to mention or include in the [the Contract] they were not extending any credit." (Id.) She alleges Capital One "failed to provide meaningful disclosure, all material information that may influence a decision, and actual and intended use of signature(s) on" the Contract. (Id.) Specifically, Plaintiff alleges Capital One "used signature(s) on [the Contract] as a trust agreement to access funds of the signee(s), used acquired funds to pay VENICE HONDA for used 2019 Chevrolet Equinox and its interest in [the Contract]." (Id.) Plaintiff alleges she never received "cash or 'credit.'" (Id.) "[T]he only evidence of any exchange is an account created by [Capital One] on behalf of signee(s),

2

that maintains a positive balance on each monthly statement . . . . It is not possible to owe money on an account with a positive balance." (Id.) In sum, Plaintiff alleges Capital One "[d]eceitfully" allowed her to fund her "own 'loan' then audaciously charg[ed] interest on credit that was not extended and on property that was already paid in full." (Id. at 3) Plaintiff asserts these alleged facts demonstrate Capital One violated 15 U.S.C. §§ 1601 and 1611. (Dkt. 22 at 3)

Capital One moves to dismiss the Amended Complaint. (Dkt. 23) First, Capital One notes that Plaintiff again alleges violations of provisions of the Truth In Lending Act (the "TILA") that do not create private rights of action for consumers. (Id. at 6) Next, Capital One points to the terms of the Contract, which is attached to the Motion, and argues the Contract contains TILA-mandated disclosures and "clearly shows that Plaintiff received an extension of credit to purchase the subject vehicle . . . ."[1] (Id. at 8) Finally, Capital One argues Plaintiff's allegations do not satisfy the heightened pleading standard for claims of fraud under Fed. R. Civ. P. 9(b). (Id. at 9–10)

In response, Plaintiff concedes that the statutory provisions cited in the Amended Complaint do not authorize private rights of action for consumers and that the Amended Complaint is deficient for this reason. (Dkt. 25 at 4–5) Plaintiff argues, however, that the fact that the Contract states that credit was extended to Plaintiff does not prove that Plaintiff received such credit. (Id. at 5) In her construed motion for leave

---

[1] Capital One attached the Contract to its first Motion to Dismiss as well. (Dkt. 10-1) The Contract is central to Plaintiff's claims and Plaintiff has not disputed its authenticity. Accordingly, the Court will review the Contract in its consideration of the Motion to Dismiss. Baker v. City of Madison, 67 F.4th 1268, 1276 (11th Cir. 2023).

3

to file a second amended complaint, Plaintiff admits she "focused on stating a claim that did not plead fraud because of the heightened pleading requirements." (Dkt. 24 at 2) Plaintiff requests leave to file a second amended complaint.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the

truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give the court a license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Gibbs v. United States, 865 F. Supp. 2d 1127, 1133 (M.D. Fla. 2012), aff'd, 517 F. App'x 664 (11th Cir. 2013) (internal citations omitted).[2]

### III. DISCUSSION

The Amended Complaint fails to state a claim upon which relief may be granted. As acknowledged by both parties, 15 U.S.C. §§ 1601 and 1611 do not authorize private rights of action. Thus, the Amended Complaint is due to be **DISMISSED**.

The Court will permit Plaintiff **ONE FINAL OPPORTUNITY** to amend the complaint in this action. However, the Court notes that the Contract appears facially to comply with the TILA. See Graham v. Wells Fargo Bank, N.A., 716 F. App'x 831, 832 (11th Cir. 2017); see also 15 U.S.C. §§ 1631, 1632, 1638. If Plaintiff chooses to allege a violation of the TILA in a second amended complaint, Plaintiff must identify

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

at least one disclosure that a provision of the TILA requires and allege that it is missing, incomplete, or inaccurate on the face of the Contract.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Defendant Capital One Auto Finance's Motion to Dismiss the Amended Complaint, (Dkt. 23), is **GRANTED**.

2. Plaintiff may file a second amended complaint within **twenty-one (21) days** of the date of this Order. Plaintiff is cautioned that asserting a claim without a good faith basis may result in the imposition of sanctions.

3. If no amendment is filed in the time permitted, the dismissal of Plaintiff's claims shall be with prejudice.

**DONE** and **ORDERED** in Tampa, Florida this 28th day of January 2025.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE